WILLIAM DEHON & others *vs.* CALVIN FOSTER & others.

If a citizen of this commonwealth has attached, in another state, personal property of a debtor who resides here, and who is insolvent under the laws of this commonwealth, it is the duty of this court, in the exercise of a sound judicial discretion, to enjoin the creditor from proceeding with his suit, if thereby the property will come to the hands of the assignees in insolvency.

The defendant in such case will be entitled to be indemnified for the costs of his action in the foreign jurisdiction, to the time when he received notice of the filing of the bill; and the plaintiff will be allowed his costs in the suit in equity, after the filing of the bill.

BILL IN EQUITY by the assignees of Nourse, Mason & Co., of Boston, insolvent debtors, to restrain the defendants, citizens of this commonwealth, from prosecuting a suit of foreign attachment, commenced by them in Pennsylvania, before the institution of the proceedings in insolvency, upon a debt of Nourse, Mason & Co. contracted and payable here. A general demurrer filed by the defendants was overruled. 4 Allen, 545. The case now came on for hearing upon the bill, answer and proofs.

*G. F. Hoar & H. Gray, Jr.,* for the plaintiffs.

*D. Foster & T. L. Nelson,* for the defendants, stated that if the court, in the decision already made, intended to hold that upon the facts stated in the bill the plaintiffs were entitled to a perpetual injunction; that the intent with which the defendants acted in making their attachment was immaterial; and that the liability of the funds to be lawfully attached and held by creditors residing in other states afforded no ground for refusing the injunction, they did not wish to argue the case.

BIGELOW, C. J. On the facts stated in the bill, we certainly intended to decide, in overruling the demurrer, not only that the court had jurisdiction of the case, but also that, in the exercise of a sound judicial discretion, it was the duty of the court to

take jurisdiction of it, and to grant the relief prayed for. No new fact is now shown which in any respect changes the plaintiffs' equity. The intent with which the defendants made the attachment does not affect the equitable right of the assignees under our insolvent law to demand and receive the funds in controversy for general distribution, and to prevent them from being appropriated solely to the payment of the debt which is due to the defendants from the insolvent debtors. This equitable right is paramount, unless some valid claim or lien exists upon the funds, which under the laws of Pennsylvania would divert them from the assignees, even if the defendants are compelled to abandon their attachment of them in the courts of that state.

In conformity to the principles fully stated in the previous decision, we think a decree must be entered that the

*Injunction be perpetual.*

*Foster*, for the defendants, moved that, as the defendants had only attempted to maintain their rights under an attachment valid by the laws of the state where it was made, they should be allowed their costs and expenses of trying the question out of the fund, and should not be obliged to pay costs.

*Gray*, for the plaintiffs, admitted that the defendants (in analogy to the provision of the Gen. Sts. *c.* 118, § 127, allowing to creditors who attach property in this state the costs of their attachment to the time of its dissolution by proceedings in insolvency) might be allowed the costs of the suit in Pennsylvania to the time of notice to them of the filing of this bill; but contended that no more could be allowed to them, and that the plaintiffs, as the prevailing party, should be allowed the costs of this suit.

BIGELOW, C. J. After the defendants had notice of the filing of this bill, the proceeding was strictly adversary in its nature, and they went on at their peril, both in prosecuting their action in the courts of Pennsylvania and in defending this suit. It having now been determined that they have acted contrary to equity, they are not entitled to recover costs since the filing of

the bill, and the plaintiffs must be deemed to be the prevailing party, and as such, in analogy to the rule at law, they are entitled to costs. *Decree accordingly.*